COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


ZACHARY MYRON COOPER

                                           MEMORANDUM OPINION* BY
v.        Record No. 0819-03-4            JUDGE ELIZABETH A. McCLANAHAN
                                                  AUGUST 24, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              Joanne F. Alper, Judge

              Janell M. Wolfe (Law Office of Janell M. Wolfe; Mark Thrash,
               on brief), for appellant.

              Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief), for appellee.


        Zachary Cooper appeals his jury convictions for four counts of capital murder in

violation of Code § 18.2-31, for which he received a sentence of four terms of life imprisonment.

The jury also convicted Cooper for use of a firearm in the commission of murder, in violation of

Code § 18.2-53.1, for which he received thirteen years.  Cooper contends that the trial court

abused its discretion by allowing spectators to wear badges displaying photographs of the

victims in the courtroom, thereby impairing his right to a fair trial.  For the following reasons, we

affirm.

                                     I.  Background

        On appeal, we view the facts in the light most favorable to the Commonwealth, the party

prevailing below, together with all reasonable inferences fairly deducible therefrom.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citations omitted).  In

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

May 2002, Cooper was indicted for killing his wife, his five-year-old daughter and his paramour in an Arlington hotel.  At a pretrial hearing in January 2003, the court addressed concerns regarding procedures that would ensure that the jury would not be negatively prejudiced.  Cooper entered a motion to exclude family members from the first row of seats in the gallery, which the court granted.  The court also made other rulings with regard to jury arrangements, including segregating the jury from the hallways and elevators used by the public, with which Cooper agreed.

The trial began on February 3, 2003.  On the second day of the trial, outside the presence of the jury, Cooper objected to family members wearing "badges" displaying photographs of the victims, stating that they were "inappropriate."  The badges measured three and five-eighths inches in diameter.  Cooper moved the court to order the spectators not to wear the badges.  The trial court denied the motion, stating,

> I don't think there's anything inherently prejudicial about it. Obviously the jury knows by the number of people in the courtroom that there are family members, and that there are people who are bereaved by the deaths here as well as family members of Mr. Cooper.  And to say that they can't wear something – if they had said something about, you know, Zachary Cooper killed my child or something, I would agree with you.  But I think something in that manner which is the photograph with a ribbon on it with no words or nothing else, if nothing it identifies them as a family member or someone who cared about this person.
>
> I don't think it does any more than that, and certainly the jury will see the photos of both the victims, the ones that we used in voir dire and other photos, and I don't think that the fact that they're wearing those on their lapels makes any difference or causes any prejudice to the defense, so I'm going to deny the motion to in any way order them –
>
> \*       \*       \*       \*       \*       \*
>
> – not to wear them.  Your exception is noted.

Cooper renewed the motion three days later, arguing, "[t]here seems to be more that have appeared." He stated in his renewed motion that there was "a row or two" of people wearing the badges and that there were people in the hallway who had them. The trial court again denied the motion saying,

> I still think that I haven't seen any great numbers. I mean. I haven't counted how many are here today but there's not a large number of people here wearing them. I mean, they have – the jury has seen the photos of Ms. Cooper. I'm not sure if it's the same photo. My eyes don't go that far.
>
> But it seems to me to be the same photo as the one that was introduced by the Commonwealth and identified by the grandmother, and in fact it indicates that there are family members here, people who care about her. I don't think they're in any way prejudicial.
>
> The jury has to make a decision on the merits, and obviously there are people in this community who are involved and interested in the case and who may have cared about the deceased just as there may be family members here of the defendant as well and care about him.
>
> I don't think this causes any prejudice.

After a ten-day trial, the jury found Cooper guilty of the charges. This appeal followed.

## II. Analysis

"Virginia courts have consistently held that 'the conduct of a trial is committed to the sound discretion of the trial court.'" Via v. Commonwealth, 42 Va. App. 164, 181, 590 S.E.2d 583, 591 (2004) (quoting Justus v. Commonwealth, 222 Va. 667, 676, 283 S.E.2d 905, 910 (1981), cert. denied, 455 U.S. 983 (1982)). See also Watkins v. Commonwealth, 229 Va. 469, 484, 331 S.E.2d 422, 433 (1985); Cunningham v. Commonwealth, 2 Va. App. 358, 365, 344 S.E.2d 389, 393 (1986). "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997).

- 3 -

Cooper cites no authority for the proposition that allowing spectators to wear badges with photographs of the victims is inherently prejudicial. Cooper contends that the trial court abused its discretion by not excluding the spectators wearing the badges. Code § 19.2-266 provides: "the court may, in its discretion, exclude from the trial any persons whose presence would impair the conduct of a fair trial."

The Virginia Supreme Court has held that use of life photographs of the victims as evidence in the trial itself is not inherently prejudicial, especially in a case where the jury will also view crime scene photographs of the victims. Lilly v. Commonwealth, 255 Va. 558, 571, 499 S.E.2d 522, 532 (1998), rev'd on other grounds, 527 U.S. 116 (1999). In Lilly, the Court held that it was within the sound discretion of the trial court to determine that the defendant was not prejudiced by the display of the life photograph of the victim, and the court found no abuse of that discretion in that instance. See also Jackson v. Commonwealth, 267 Va. 178, 202, 590 S.E.2d 520, 533 (2004); Bennett v. Commonwealth, 236 Va. 448, 471, 374 S.E.2d 303, 317 (1988). In the case at bar, crime scene photographs of the victims were in evidence and were viewed by the jurors. Consequently, we find that allowing the spectators to wear badges portraying photographs of the victims was not inherently prejudicial and did not erode Cooper's right to a fair trial.

Cooper does not argue that he suffered any actual prejudice as a result of the circuit court's decision to allow the spectators to wear the badges. He merely points out that spectators wearing the badges were seated in the second row of the gallery "in the direct line of vision of the jurors as they exited the jury room to enter the jury box."

In Johnson v. Commonwealth, 259 Va. 654, 676, 529 S.E.2d 769, 781, cert. denied, 531 U.S. 981 (2000), the defendant contended that the victim's family and friends were allowed to wear "campaign-size" buttons displaying the victim's photograph in the courtroom. He asserted

that although the jurors were not seated close enough to the audience to identify the victim's image on the buttons, they could tell that the buttons "had something to do with" the victim and, thus, the jurors were improperly influenced. The Court found no merit in the argument, stating that there was nothing in the record to support the contention that any of the jurors saw the buttons displaying the victim's photograph. Id. See also Nguyen v. State, 977 S.W.2d 450, 457 (Tex. App. 1998) (no evidence in record to show spectators wearing buttons was prejudicial); State v. Braxton, 477 S.E.2d 172, 177 (N.C. 1996) (without evidence in record showing relationship between the murder victims and the spectators wearing the badges, the court would not infer an intention to influence the jury's verdict); Cagle v. State, 6 S.W.3d 801, 803 (Ark. App. 1999) (no evidence in record that demonstrated jury saw badges being worn by some spectators or, if they did, that it affected their ability to be fair jurors); State v. Bradford, 864 P.2d 680, 686-87 (Kan. 1993) (defendant failed to provide evidence that any jurors saw or were influenced by spectators wearing buttons); Kenyon v. State, 946 S.W.2d 705, 710-11 (Ark. App. 1997) (no evidence that jurors were prejudiced by spectators wearing badges).

The record in this case shows that the court took active steps to ensure that the jurors were not negatively influenced by the spectators, including segregating the jurors from persons in the hallways and elevators, and by excluding the victim's family members, many of whom were wearing the badges, from the front row of the gallery. The record also shows that there were "always some people" seated in the front row between the spectators wearing the badges and the jury. The judge noted that there were "not a large number of people" wearing the badges and that it was difficult to see whose photograph was on the badges. Therefore, there is nothing in the record to show that the trial court's decision caused Cooper actual prejudice.

Cooper has not shown any evidence that the jury saw the badges being worn by some of the spectators or, if they did, that this affected their ability to be fair jurors. "[I]f the defendant

fails to show actual prejudice, the inquiry is over." <u>Holbrook v. Flynn</u>, 475 U.S. 560, 572

(1986).[1]


### III.  Conclusion

Cooper has failed to demonstrate that allowing the spectators to wear the badges was

inherently prejudicial, or that he suffered any actual prejudice because the jurors may have seen

the spectators wearing the badges.  Code § 19.2-266 provides: "the court may, in its discretion,

exclude from the trial any persons whose presence would impair the conduct of a fair trial."  We

find no abuse of discretion here.

<u>Affirmed.</u>

---

[1] The holding in this opinion does not indicate that the wearing of buttons by spectators in a trial could never deprive a defendant of a fair trial.  A fair trial occurs when the verdict is based on the evidence and not on factors external to the proof at trial.  <u>Flynn</u>, 475 U.S. at 572.  Cooper has not demonstrated that the verdict in this case was based on any factor external to the evidence presented at trial.

Benton, J., dissenting.

The United States Supreme Court "has declared that one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of . . . other circumstances not adduced as proof at trial." Taylor v. Kentucky, 436 U.S. 478, 485 (1978). Because "[t]he right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment . . . , courts must be alert to factors that may undermine the fairness of the fact finding process." Estelle v. Williams, 425 U.S. 501, 503 (1976).

> "Every procedure which would offer a *possible* temptation to the average man . . . to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law."

Estes v. Texas, 381 U.S. 532, 543 (1965) (quoting Tumey v. Ohio, 273 U.S. 510, 532 (1927)).

The record indicates "a row or two" of people who were described as wearing badges approximately four inches in diameter with photographs of the victims were separated from the jury by one row of seats. The trial judge noted that she "could see the badges" from the bench and that she "was assuming [the photograph on the badge] was one of the victims."

These demonstrations, albeit passive, created "an unacceptable risk . . . of impermissible factors coming into play." Williams, 425 U.S. at 505. They clearly had the effect of creating an impression in the minds of the jury of an unmistakable sign of Zachary Cooper's guilt.

> [T]hough far more subtle than a direct accusation, the buttons' message was all the more dangerous precisely because it was not a formal accusation. Unlike the state's direct evidence, which could have been refuted by any manner of contrary testimony to be judged ultimately on the basis of each declarant's credibility, the buttons' informal accusation was not susceptible to traditional methods of refutation. Instead, the accusation stood unchallenged, lending credibility and weight to the state's case without being subject to the constitutional protections to which such evidence is ordinarily subjected.

Norris v. Risley, 918 F.2d 828, 833 (9th Cir. 1990).

- 7 -

Cooper had a right to "be tried in an atmosphere undisturbed by so huge a wave of public passion." Irvin v. Dowd, 366 U.S. 717, 728 (1961). The circumstance here "involves such a probability that prejudice will result that it [must be] deemed inherently lacking in due process." Estes, 381 U.S. at 542-43. See also Sheppard v. Maxwell, 384 U.S. 333, 352 (1966). Permitting the demonstration to continue in the jury's presence during the trial, the trial judge exposed the jury to a continuous reminder that these spectators were urging a finding of Cooper's guilt. I would hold that the refusal to stop this demonstration was prejudicial to Cooper's right to a fair and impartial jury. I, therefore, dissent.